# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH T. WIGGINS,<br><br>Defendant. | Case No. 1:19-po-00092-SAB<br><br>ORDER GRANTING THE GOVERNMENT'S MOTION TO CONTINUE TRIAL AND EXTEND THE EXPERT DISCOVERY DEADLINE<br><br>ORDER SETTING STATUS CONFERENCE FOR MARCH 5, 2020<br><br>(ECF Nos. 9, 11, 12) |

Currently before the Court is the Plaintiff the United States of America's (the "Government") motion to continue the trial of this matter and extend the expert discovery deadline.

## I.

## BACKGROUND

On April 7, 2019, Kenneth Wiggins ("Defendant") received a citation for removing an archeological resource, artifact or property, in violation of 36 C.F.R. § 9(h). (ECF No. 1.) This action was filed on July 8, 2019. (ECF No. 1.) On July 18, 2019, Defendant made an initial appearance on the citation and pled not guilty. A status conference was set for September 19, 2019. (ECF No. 6.) On September 19, 2019, Defendant appeared with counsel at the status conference and the Court set the trial for March 31, 2020, and the following schedule: (1) discovery to be completed by February 13, 2020; (2) motions to be filed by February 13, 2020;

1

(3) responses due March 5, 2020; and (4) a motion *in limine* hearing for March 19, 2020.

On February 12, 2020, the Government filed a motion to extend the expert discovery deadline and continue the trial of this matter. (ECF No. 9.) On the same date, the Government also filed a notice of intent to present expert testimony at the trial. (ECF No. 10.) Defendant filed an opposition to the motion on February 13, 2020. (ECF No. 11.) The Court heard oral argument on the motion on February 20, 2020. Counsel Jeffrey Spivak appeared for the Government, and counsel Matthew Lemke appeared for Defendant. Having considered the moving and opposition papers, along with the arguments presented at the February 20, 2020 hearing, the Court issues the following order granting the Government's motion to extend the expert discovery deadline and continue the trial of this matter.

## II.

## LEGAL STANDARD

### A. Continuation of the Trial Date

"The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion." United States v. Flynt, 756 F.2d 1352, 1359 (9th Cir.), amended, 764 F.2d 675 (9th Cir. 1985). "There is no abuse of discretion unless the denial was arbitrary or unreasonable." United States v. Moreland, 622 F.3d 1147, 1158 (9th Cir. 2010) (internal citation and quotations omitted). The Ninth Circuit considers four factors in reviewing whether a district court abused its discretion in deciding to grant or deny a motion to continue the trial date: 1) the requesting party's diligence in preparing prior to trial; 2) whether delaying the trial would satisfy the need for the continuance; 3) the inconvenience to the court, the opposing party, and witnesses; and 4) the extent that the requesting party would suffer harm absent the continuance. See United States v. Zamora-Hernandez, 222 F.3d 1046, 1049 (9th Cir. 2000); United States v. Tham, 960 F.2d 1391, 1396 (9th Cir. 1991); Flynt, 756 F.2d at 1359.[1] "The fourth factor is the most critical." Zamora-

---

[1] In criminal matters, these factors are usually written from the perspective of an appealing defendant. See Zamora-Hernandez, 222 F.3d at 1049 ("diligence in preparing his defense . . . the inconvenience a continuance would have caused the court and the government . . . extent to which [Zamora-Hernandez] might have suffered harm as a result of the district court's denial"); Flynt, 756 F.2d at 1359 ("diligence in his efforts to ready his defense"); Tham, 960 F.2d at 1396 ("extent of the defendant's diligence in readying the defense . . . likelihood that the continuance would

Hernandez, 222 F.3d at 1049; see also Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) ("To meet this burden, the challenging party must meet a four-part test, the fourth (and mandatory) element of which requires a demonstration of prejudice."); United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cty., State of Cal., 791 F.2d 666, 671 (9th Cir. 1985) ("No one factor is dispositive . . . Absent a showing of prejudice suffered by the appellant, however, this Court will not disturb the ruling below.").

**B.     Disclosure of Expert Witnesses**

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure provides that: "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). The government's summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id. The advisory committee notes provide that "[a]lthough no

---

have satisfied the defendant's need . . . extent to which the defendant may have been harmed."). The Ninth Circuit has stated there is no mechanical test for adjudicating a motion to continue to ensure due process is not violated. See United States v. Kloehn, 620 F.3d 1122, 1126–27 (9th Cir. 2010) ("There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as *to violate due process* . . . however, we are guided by the four-factor inquiry set forth in" Flynt.) (emphasis added). Here the Court has adjusted the language of the factors to more general terms to reflect the fact that it is the Government requesting the continuance here. See Am. Manufacturers Mut. Ins. Co. v. Carothers Constr., Inc., No. 205CV00122MCEGGH, 2008 WL 11512228, at *2 (E.D. Cal. Jan. 15, 2008) (listing factors in civil case as: (1) the moving party's diligence in preparing its case for trial, (2) usefulness of the continuance, (3) inconvenience to the Court and the opposing party, and (4) prejudice to the moving party."). Although by no means representing an exhaustive search, the Court notes that it was unable to find a district court or Ninth Circuit case which applied these factors to a *government's* motion for a trial continuance. The Court did locate instances where these same factors were applied to continuances in the civil context, and in the bankruptcy context. See, e.g., Reynolds v. Gerstel, 624 F. App'x 522, 523 (9th Cir. 2015) (applying four factor in test in review of civil action); VeriFone, Inc. v. A Cab, LLC, No. 215CV00157GMNGWF, 2018 WL 3212075, at *1 (D. Nev. June 15, 2018) (same); Carothers Constr., Inc., 2008 WL 11512228 (same); In re OccMeds Billing Servs., Inc., No. ADV. 09-2576, 2011 WL 4503019, at *3 (B.A.P. 9th Cir. June 29, 2011) (applying four factors in bankruptcy action); In re Bellow, No. ADV, 09-4160, 2011 WL 4502916, at *4 (B.A.P. 9th Cir. June 28, 2011) (same), aff'd, 544 F. App'x 732 (9th Cir. 2013). In briefing here, Defendant cites to Flynt approvingly for the proposition that the Court has broad discretion in deciding this matter, but does not state the four factor test is the relevant standard nor couches arguments expressly under such four factors or another test. Defendant does argue that "when a continuance is requested in order to secure the attendance of a witness, the moving party must establish that due diligence has been used to obtain the witness' attendance on the date set for trial." (Opp'n 4, citing U.S. v. Smith, 790 F.2d 789, 796 (9th Cir. 1986).) In Smith, the Ninth Circuit described the requested continuance as an "eleventh-hour motion," and found the appellant failed to meet the standard described as: "When a continuance is requested to obtain witnesses, the accused must show who they are, what their testimony will be, that the testimony will be competent and relevant, that the witnesses can probably be obtained if the continuance is granted and that due diligence has been used to obtain their attendance on the date set for trial." Smith, 790 F.2d at 796. The Court also considers Smith in this opinion.

specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion." Fed. R. Crim. P. 16 advisory committee's notes; see also United States v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995).[2]

If a party fails to comply with Rule 16, a court may: "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2).

## III.
## DISCUSSION

The Government is requesting a continuance of the trial date and an extension of the expert discovery deadline due to a scheduling conflict with the law enforcement agents to be called as witnesses at the trial, and because the Government needs additional time to obtain an expert report. (Gov. Mot. Cont. Trial & Disc. ("Mot"), ECF No. 9.) On February 3, 2020, counsel for the Government held a trial preparation meeting with the law enforcement agents involved in this case, at which counsel requested the U.S. Forest Service ("USFS") to prepare an expert report regarding the artifact at issue in this action. (Mot. 2.) On February 11, 2020, USFS agents notified the Government that: (1) all four of the USFS officers involved in the Defendant's case have a scheduling conflict on the currently scheduled trial date; and (2) the USFS needs additional time to prepare an expert report on the artifact. (Id.)

As for the scheduling conflict, the four USFS officers informed the Government that they need to attend a week-long hazardous waste training from March 30, 2020 to April 3, 2020, that "is critical for natural resource protection." (Id.) Specifically, the "personnel attending the Hazwopper training will be responsible for conducting site hazard assessments on [marijuana] cultivation sites throughout the state," two "trained personnel are requested at every marijuana/raid eradication operation conducted by the Forest Service," and the "training has

---
[2] While the advisory committee notes refer and VonWillie refer to Rule 16(a)(1)(E), Rule 16 was amended in 2002 and subsection 16(a)(1)(E) was relettered as 16(a)(1)(G). See United States v. Ullah, No. 04-CR-30A(F), 2005 WL 629487, at *13 (W.D.N.Y. Mar. 17, 2005).

been designed specifically for the Forest Service, it is a 40 hour course (5 days), and is only being offered once this year." (Id.)

As for the expert report, the Government anticipates calling USFS archeologist Jeff Irwin as an expert witness who the Government believes will testify that the arrowhead Defendant possessed in his pocket was a prehistoric, historic, or archaeological resource, structure, site, artifact, or property as defined in in 36 C.F.R. 261.2. (Id.) Mr. Irwin needs additional time to complete a written report, and the Government also states it will produce Mr. Irwin's C.V. "as soon as possible (hopefully this week)." (Mot. 2-3.)

The Government is requesting an extension of three weeks until March 4, 2020, for the limited purpose of producing Mr. Irwin's written report and C.V., and emphasizes that the Government has met the February 13, 2020 discovery cutoff for all other discovery. (Mot. 3.)

**A. The Party's Diligence in Preparing Prior to Trial**

The Government argues that it exercised "reasonable, though imperfect, diligence in readying its case for trial." (Mot. 4.) The Government emphasizes it met with the agents nearly two months before trial, obtained and produced supplemental discovery, and discussed the evidence regarding the artifact in question. (Id.)

Defendant argues the charge that he improperly removed and possessed an archeological artifact is the lone allegation in this case, and therefore has been the core, central issue since the citation was issued in April of 2019. (Def.'s Opp'n Mot. ("Opp'n") 2, ECF No. 11.) Despite this, the Government did not request that the USFS prepare an expert report until February 3, 2020. (Id.) While the Government filed a notice of intention to call expert Jeff Irwin on February 12, 2020, Defendant emphasizes that the Government has failed to disclose any reports authored by Mr. Irwin, the basis for any conclusions, or Mr. Irwin's curriculum vitae, and has not provided justification for the delay in requesting an expert . (Opp'n 3.)

The Court inquired at the hearing as to why the Government waited until February 3, 2020, to address the expert report, given the nature of the charges in this case. The Government conceded that it didn't "have a good answer," estimated that "99%" of the petty offense cases do not have expert issues, and the Government should have identified the need earlier in this

instance. The Government stated it started preparations for trial in early February, about two months before the current trial date, but conceded it does not have a good explanation as to what happened between September and February. Counsel also averred to some issue as to who the attorney of record for the case was.

The Court acknowledges that while it is true most cases do not go to trial and both sides tend to hedge their bets in this regard, there is nothing in the record showing why the Government waited this long to prepare an expert report. As conceded by counsel at the hearing, the Government does not have a good reason for the delay regarding the expert witness report, and the Court agrees. Thus, the factor of diligence weighs against the Government as to the need to continue the trial to allow for completion of the expert report. Although the Government states the report will be ready prior to the current trial date, and the need for the expert report is not the focus of the motion to continue the trial date but rather the motion to extend the discovery deadline, allowing such expert report to not be produced until March 4, 2020, will necessitate additional time to allow Defendant to possibly retain an expert and prepare for rebuttal, necessitating a continuance.

However, the Government's motion to continue the trial date is primarily based on the conflicted schedule of the USFS officer witnesses. As to the Government's need for a continuance to secure attendance of the USFS officer witnesses, the Court finds the Government exercised reasonable diligence in moving for the continuance once it became informed and aware of the need for such. At the hearing, in addressing the Defendant's argument that the Government's motion did not specify when the USFS officers became aware of the scheduling conflict, counsel for the Government stated that he did inquire into this omission, and proffered that the USFS officers became aware of the dates of the training course on January 29, 2020. Despite this, at the February 3, 2020 trial preparation meeting held between counsel for the Government and the USFS officers, the officers apparently did not inform the Government that the training course conflicted with the trial date. The USFS officers informed the Government of the scheduling conflict on February 11, 2020. The day after, on February 12, 2020, the Government filed the motion to continue the trial and extend the expert deadline.

1    As for requested continuance based on witness availability, the circumstances here are
2 unlike the facts of Smith, 790 F.2d at 796, cited by Defendant (Opp'n 4), wherein the motion
3 was described as an "eleventh-hour motion for a continuance." Here, there was over a month
4 and a half between the current trial date of March 30, 2020, and February 12, 2020, the date the
5 Government filed the motion for the continuance. Further, the Government has adequately
6 demonstrated for the purposes of the continuance: "who [the witnesses] are, what their testimony
7 will be, that the testimony will be competent and relevant, that the witnesses can probably be
8 obtained if the continuance is granted and that due diligence has been used to obtain their
9 attendance on the date set for trial." Smith, 790 F.2d at 796.

10   Accordingly, while if obtaining the expert report were the sole reason for the
11 continuance, this factor would weigh against a continuance, the Court finds given the
12 Government's primary reason for seeking the continuance is to secure the attendance of the
13 relevant USFS officers as witnesses at trial, and the Government exercised reasonable diligence
14 in securing such witnesses and moving the Court for a continuance immediately following
15 notification of the conflict, this factor, on balance, is neutral or weighs in favor of granting the
16 Government's motion.

17   The Court separately addresses the expert discovery deadline and Defendant's request to
18 exclude any expert witness evidence further below.

19   **B.    Whether Delaying the Trial Would Satisfy the Need for the Continuance**

20   The Government argues it is confident that a brief continuance would allow the
21 Government to resolve the need for the continuance. (Mot. 4.) Defendant does not directly
22 address this factor nor does he argue the continuance would not adequately address the issues
23 causing the need for a continuance.

24   Continuing the trial date will allow for the four USFS officers who are pertinent
25 witnesses to the central facts of the case to appear and give testimony at the trial. Further,
26 although the Government is only seeking an extension of the expert deadline until March 4,
27 2020, a continuance of the trial date will provide Defendant with additional time to obtain a
28 rebuttal expert witness or complete other preparations to address the Government's proposed

expert witness. Accordingly, the Court finds this factor weighs in favor of granting the continuance of the trial date.

**C.     The Inconvenience to the Court, the Parties, and Witnesses**

The Government concedes a continuance causes a burden and inconvenience for Defendant and the Court, however, argues that hopefully the timing of the motion being six weeks before trial lessens any such burden. (Mot. 4.) The Government emphasizes that the Defendant is charged with a petty offense with a $250 bailable citation, is not in custody, is not on pretrial supervision, and the Government does not see how a brief continuance would burden or prejudice Defendant in any meaningful way. (Mot. 4.)

Defendant argues that if the trial is continued and the expert discovery deadline is extended, Defendant will then be forced to retain his own expert to review and evaluate the Government's expert material, inspect and evaluate the object allegedly possessed by Defendant, draft a report evaluating the forthcoming report, and draft a report setting forth their own analysis. (Opp'n 3.) Because the Government's expert has apparently still not completed their report, the due diligence required of defense counsel will require a significant and unnecessary delay of trial. (Opp'n 3.)

While there is inconvenience to Defendant and the Court, here it is slight. Defendant is not in custody, the current trial date is still over a month away, and the only witnesses identified in the briefing are the USFS officers, who require the trial date to be continued in order to appear. At the status conference that the Court shall set by this order, the Defendant may request any needed additional time to address the Government's forthcoming expert report, and the Court will set a continued trial date that is convenient to both parties. Accordingly, while this factor weighs slightly in favor of denying the continuance, the impact on the overall determination of whether to grant the motion is not significant.

Again, the Court separately addresses the expert discovery deadline and Defendant's request to exclude any expert witness evidence further below.

///

///

### D. The Extent to Which the Party Might Suffer Harm from a Denial of Continuance

The Government argues the harm would be severe if the motion is denied, as the USFS officers would need to miss an important law enforcement training or testify in this case, and at the hearing, stated a denial of this motion would likely be dispositive of this action. While conceding he is out of custody, Defendant argues the continuance would result in starting from square one with delay and lost time to him and the Court, and Defendant will have to retain an expert to counter the proposed witness. Defendant will further continue to have this case pressing over his personal and professional life.

While the Court is sympathetic to Defendant's desire to complete this case and acknowledges the delay can add to the stress and inconvenience of defending against criminal charges, Defendant has not identified concrete harm or prejudice that would result from a continuance based on the primary basis of the scheduling conflict with the USFS officers, or from the additional reason relating to the expert witness report. Given that if the trial is not continued, chief witnesses will be unavailable to testify in this matter, the Government has demonstrated that it will suffer substantial harm and prejudice from such denial. Accordingly, this factor weighs in favor of granting the continuation of the trial date to accommodate the witnesses' schedule.

As to the issue of the expert witness deadline, the Court shall now address Defendant's request to deny the Government's motion to extend the discovery deadline, and Defendant's request to exclude any expert witness related evidence from the Government.

### E. The Government's Request to Extend the Expert Discovery Deadline and Defendant's Request to Exclude the Expert Witness Testimony

Defendant argues the Government clearly violated the discovery deadline in this issue by failing to provide a sufficient expert disclosure notice prior to the discovery deadline, and requests any expert witness evidence from the Government be excluded. Defendant contends that exclusion of the evidence is not a sanction, but rather an enforcement of the Court's scheduling order, and argues he does not need to show prejudice, the Government's willfulness,

or bad faith before the Court may exclude such evidence. (Opp'n 3.)

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure provides that: "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). The government's summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id.

On September 19, 2019, Defendant appeared with counsel at the status conference and the Court set discovery to be completed by February 13, 2020. On February 12, 2020, the Government filed a notice of intent to present expert testimony at trial, which identified Jeff Irwin as an archeologist with the USFS, and stated that if called to testify, he would "testify that the arrowhead retrieved from Defendant Kenneth Wiggin's pocket on April 7, 2019, from the Sierra National Forest, was a 'prehistoric, historic, or archaeological resource, structure, site, artifact, [or] property' as those terms are defined in Title 36, Code of Federal Regulations, 261.2." (ECF No. 10 at 1.) The notice also stated that: "Mr. Irwin needs additional time to complete a written expert report," and "[w]e will produce Mr. Irwin's C.V. as soon as possible (hopefully this week)." (Id. at 2.) No other information was provided in the filed notice. (Id.)

The information contained in the notice does not appear to fully satisfy the requirements of Rule 16(a)(1)(G). However, for the reasons explained below, the Court does not find exclusion to be an appropriate remedy. See United States v. Figueroa-Lopez, 125 F.3d 1241, 1247 (9th Cir. 1997) ("As for discovery, a violation of Rule 16 does not itself require reversal, or even exclusion of the affected testimony."); Fed. R. Crim. P. 16(d)(2) (If a party fails to comply with Rule 16, a court may: "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances."). Given the trial is to be continued due to the unavailability of the USFS officers as discussed above, the discovery deadline can be extended to allow the Government to produce the expert report to Defendant and for Defendant to have sufficient time

to obtain a rebuttal witness or complete other preparations.

The advisory committee's notes to 16(a)(1)(E), later changed through amendment to 16(a)(1)(G), provide that "[a]lthough no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion." Fed. R. Crim. P. 16 advisory committee's notes; see also VonWillie, 59 F.3d 922, 929 (9th Cir. 1995) (stating same quoting the advisory committee's notes); United States v. Murillo, No. CR16-0113JLR, 2016 WL 5792692, at *2 (W.D. Wash. Oct. 4, 2016) (noting Rule 16(a)(1)(G) is silent as to the timing of discovery and courts uphold disclosure even at late stages leading up to trial as long as there is no significant prejudice), aff'd, 744 F. App'x 378 (9th Cir. 2018). While the Rule may not prescribe a definite time period for requesting and disclosing expert witnesses, the Court's discovery order established the deadline for the close of all discovery, and the parties appear to agree the Government's notice filed on February 12, 2020, did not comply with the substantive requirements of the Rule, and thus violated the discovery deadline that expired on February 13, 2020.[3]

The Ninth Circuit has affirmed the allowance of expert testimony disclosed very close to

---

[3] Courts have relied on the absence of a record of defendant specifically requesting expert witnesses in determining whether there was a failure to disclose. See, e.g., United States v. Henderson, No. 16-CR-00142-KAW-1, 2017 WL 386372, at *1–2 (N.D. Cal. Jan. 27, 2017) (noting the "plain language of Rule 16(a)(1)(G) does not require that the government give the defendant a written summary of expert witness testimony unless" requested by defendant, that "the Seventh, Eighth, and Tenth Circuits have found that Rule 16(a) is not violated when a defendant did not request any expert discovery material," and denying defendant's motion to exclude the witness as "there [was] no evidence on the record that Defendant ever requested expert discovery material," and "[t]hus, the Government's duty to disclose per Rule 16(a)(1)(G) was not triggered."). Neither party specifically raised the issue of the date or substance of any request for discovery by Defendant, and thus the Court assumes that it was made in a timely and sufficient manner. Again, given the posture of the briefing and the parties at the hearing, the parties appear to agree the disclosure was required to be made on or before February 13, 2020, and the Government did not comply with the Rule or discovery deadline. At the hearing, Defendant contended that if he was provided with all of the materials prior to the deadline, counsel could have prepared any needed motions, and would have given time to consult with an expert, and could have "rushed" it through. However, it is noteworthy that if the Government's notice did fully comply with the substantive requirements under Rule 16(a)(1)(G), but was not filed until the day of the deadline, if the Court were to apply a strict cut-off date of February 13, 2020, Defendant would then have no time before the discovery cutoff date to prepare their own rebuttal expert witness and provide reciprocal notice under Rule 16 before the cutoff date of February 13, 2020. In this regard, Defendant could have made a request for disclosure of any experts before a certain date in order to ensure the ability to prepare any rebuttal witness before the discovery cutoff date. However, if the government had made full expert disclosure on the February 13 date and the defendant had asked for time to get its own expert, necessitating a continuance of the trial, the Court would have granted that motion. The Court is considering creating a standing order and scheduling orders in future cases to specifically address expert witness disclosure deadlines, and rebuttal witness disclosure deadlines, to avoid potential issues relating to one deadline encompassing all expert discovery disclosures.

or even during trial. See United States v. Taylor, 467 F. App'x 670, 672 (9th Cir. 2012) (holding district court properly allowed government to call handwriting expert in case-in-chief where although "the government delivered the expert's report within moments of receiving it itself . . . on the first day of trial, time remained within which Taylor could prepare for the now likely inculpatory testimony . . . [and] Taylor, moreover, did not seek a continuance to enable him to find and obtain a report from his own expert."); United States v. Mendoza-Paz, 286 F.3d 1104, 1112 (9th Cir. 2002) ("Although the government did not provide summaries of the chemist's anticipated testimony and qualifications until four days before trial, and did not provide the names of the tests conducted on the marijuana until the first day of trial, Mendoza–Paz has not demonstrated a likelihood that the verdict would have been different if that information had been provided earlier.").

The Court will decline to employ the somewhat extreme remedy of excluding the expert witness testimony in this action given all of the circumstances in this case, including but not limited to: (1) the fact that the current trial date is still over a month away and was more than six weeks away at the time the motion was filed; (2) the Government did in fact provide some notice of the expert witness prior to the expiration of the general discovery deadline, the likely testimony to be given, and as Defendant concedes, the identification of the alleged artifact is the core issue in this action; and (3) good cause exists to continue the trial date due to the scheduling conflict of the USFS officers, which is unrelated to the issue of the expert discovery, and given such continuance, there is little or no prejudice and ample time for Defendant to prepare for the Government's expert witness, and obtain a rebuttal expert witness if needed. See United States v. Tsosie, 532 F. App'x 705, 707–08 (9th Cir. 2013) (while finding the error was harmless and thus not reversible, holding the trial court erred in excluding defendant's expert witness, as exclusion under Rule 16 "is an appropriate remedy for a discovery rule violation only where the omission was willful and motivated by a desire to obtain a tactical advantage.") (quoting United States v. Finley, 301 F.3d 1000, 1018 (9th Cir. 2002)); United States v. W.R. Grace, 493 F.3d 1119, 1132 (9th Cir. 2007) (noting that "as with the exclusion of nonexpert witnesses, completely precluding use of an expert witness is an extreme sanction."), on reh'g en banc, 526

F.3d 499 (9th Cir. 2008); but see United States v. Garcia, 730 F. Supp. 2d 1159, 1167 (C.D. Cal. 2010) (in upholding discovery order which specifically stated that any discovery submitted after the "[f]inal date for all discovery . . . will not be admissible in at trial," finding under Ninth Circuit precedent the defendant "need not show prejudice before the court can exclude evidence disclosed in violation of a specific discovery order . . . it is similarly unnecessary to find that the government's violation was willful or in bad faith.")[4]; United States v. Yagi, No. CR-12-0483 EMC, 2013 WL 10570994, at *16 (N.D. Cal. Oct. 17, 2013) (excluding expert testimony after request and untimely disclosure where continuing trial was "not feasible."). However, the Government must be mindful that a clear reading of the rule and compliance with the Court-ordered discovery deadline would have avoided the Court's treatise herein and the expenditure of counsels' respective time and written work. Future instances of failing to meet simple discovery deadlines may not result in the same reluctance to impose the remedy of exclusion, as an argument could be made that constant or repeated ignoring of the plain language of the rules and deadlines demonstrates bad faith and/or causes prejudice to the opposing party.

## IV.

## ORDER

Based on the foregoing factors discussed above and the totality of the circumstances, the Government's motion to continue the trial and extend the expert discovery deadline shall be granted as based on good cause. Defendant's request to exclude the Government's expert witness shall be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Government's motion for a continuance of the trial and extension of the expert discovery deadline is GRANTED;

2. Defendant's request to exclude the Government's expert evidence is DENIED; and

---

[4] Defendant emphasizes the Court to follow the approach in Garcia, 730 F. Supp. 2d 1159, (Opp'n 3), however, as the quoted portion shows, the discovery order that was violated in that case specifically mandated the remedy of exclusion, and the court held the prior Ninth Circuit cases did not foreclose the ability to enforce such a specific discovery order absent such showings of prejudice or bad faith.

3. The Court sets a status conference for March 5, 2020, at 10:00 a.m., in Courtroom 9, for the parties to present proposed trial dates and deadlines for expert discovery to be completed. Defendant need not appear at the March 5 hearing but may do so if he wishes.

IT IS SO ORDERED.

Dated: **February 27, 2020**

UNITED STATES MAGISTRATE JUDGE